United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41151
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADAN VASQUEZ-MONJARAZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-304-ALL
--------------------

Before JONES, Chief Judge, and WIENER and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Adan Vasquez-Monjaraz pleaded guilty to attempted reentry after deportation in violation of 8 U.S.C. § 1326 and was sentenced to 33 months of imprisonment and two years of supervised release.

Vasquez-Monjaraz's constitutional challenge to § 1326 is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Vasquez-Monjaraz contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. <u>See United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). Vasquez-Monjaraz properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review. Accordingly, Vasquez-Monjaraz's conviction is affirmed.

Vasquez-Monjaraz contends that his sentence must be vacated because he was sentenced pursuant to mandatory Sentencing Guidelines that were held unconstitutional in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005). He asserts that the error is structural and is insusceptible of harmless error analysis. Contrary to Vasquez-Monjaraz's contention, we have previously rejected this specific argument. <u>See</u> <u>United States v. Walters</u>, 418 F.3d 461, 463 (5th Cir. 2005).

In the alternative, Vasquez-Monjaraz contends that the Government cannot show that the <u>Fanfan</u> error was harmless. We review Vasquez-Monjaraz's preserved challenge to his sentence for harmless error under FED. R. CRIM. P. 52(a). <u>Walters</u>, 418 F.3d at 463.

Vasquez-Monjaraz was sentenced at the low end of the guideline range. The record provides no clear indication, and the Government

2

has not shown, that the "district court would have imposed the same sentence" under an advisory guidelines system, and so the error cannot be considered harmless.  See United States v. Woods, ___ F.3d ___, No. 04-11058, 2006 WL 163475 at * 6 (5th Cir. Jan. 24, 2006).  Accordingly, Vasquez-Monjaraz's sentence is vacated, and his case is remanded for further proceedings consistent with this opinion.

CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING.